IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOSE RAMON VALERO, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 122-148 |
| | ) (Formerly CR 121-013) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 40.) One aspect of the objections merits brief discussion. Respondent asserts there is no evidence in the record Petitioner would have filed an appeal but for defense counsel's misleading advice that he had no duty to represent Petitioner on appeal unless Petitioner paid him more money. (Id. at 22-24.) However, the record is replete with testimony by Petitioner and his family that Petitioner wanted to appeal, he had no money, defense counsel's payment demand was an insurmountable obstacle to filing an appeal, and Petitioner's primary concern when discussing whether to appeal was defense counsel's payment demand. (See doc. no. 40-1, pp. 13-20, 30-33, 38-39, 43-51, 57, 63, 78-80.)

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES AS MOOT** Respondent's motions to dismiss, (doc. nos. 5, 10; CR 121-013, doc. nos. 104, 116), **GRANTS** Petitioner's

§ 2255 motion as to the out-of-time appeal, (CR 121-013, doc. no. 97), and **DISMISSES** without prejudice all other claims raised in the § 2255 motion. The Court **VACATES** Petitioner's judgment in the underlying criminal case. (CR 121-013, doc. no. 83.) Simultaneous with entry of this Order, the Court is entering a new judgment in the criminal case that reimposes the same sentence, identical in all respects to the original judgment, save only for the date of entry.

With entry of the new judgment, Petitioner shall have all rights associated with an appeal from any criminal sentence. Under Federal Rule of Appellate Procedure 4(b)(1), the deadline for Petitioner to file a notice of appeal is fourteen days from entry of the new judgment. Fed. R. App. P. 4(b). In light of the circumstances, however, the Court finds good cause to extend the deadline by thirty days pursuant to Federal Rule of Appellate Procedure 4(b)(4), such that the deadline will be forty-four days. See Fed. R. App. P. 4(b)(4).

The Court **APPOINTS** Attorney John E. Price to represent Petitioner on direct appeal and **DIRECTS** the Clerk of Court to issue Mr. Price a Notice to CJA Counsel. The Court **TERMINATES** the appointment of Mr. Price with respect to the § 2255 proceedings and directs him to submit his voucher for those services within fourteen days.

Petitioner also filed a *pro se* motion for release on bond pending his direct appeal, pointing out his successful stint on pretrial supervision and self-surrender to prison for service of his sentence. (Doc. no. 39; CR 121-013, doc. no. 160.) Petitioner is ineligible under the plain language of 18 U.S.C. § 3143(b)(2), which mandates detention pending appeal for any person "who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 . . . ." 18 U.S.C. § 3143(b)(2). One of the enumerated offenses in § 3142(f)(1) is "an offense for which a maximum term of imprisonment

of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." 18 U.S.C. § 3142(f)(1)(C). Petitioner pled guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 846(a)(1), as set forth in the Controlled Substances Act. (CR 121-013, doc. nos. 65-66, 92.) Although Petitioner was only sentenced to twenty-four months of imprisonment for this offense, the maximum term of imprisonment is twenty years. See 21 U.S.C. §§ 841(b)(1)(C), 846. Accordingly, Petitioner is ineligible for release on bond pending appeal under 18 U.S.C. § 3143(b), thus, the Court **DENIES** the motion. (Doc. no. 39; CR 121-013, doc. no. 160.)

Finally, the Court **DIRECTS** the Clerk to **CLOSE** this civil action and **ENTER** an appropriate final judgment in this civil case in favor of Petitioner.

SO ORDERED this 20th day of September, 2023, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA