IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 121-013 |
| | * | |
| JOSE RAMON VALERO, JR. | * | |

**O R D E R**

On January 24, 2024, the Court *sua sponte* reduced Defendant Jose Ramon Valero, Jr.'s sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the United States Sentencing Guidelines. The Court, however, lacked authority to do so because Defendant's appeal of his conviction and sentence was pending in the Eleventh Circuit Court of Appeals. See United States v. Diveroli, 729 F.3d 1339, 1341 (11th Cir. 2013) ("The filing of a notice of appeal . . . divests the district court of its control over the aspects of the case involved in the appeal."); Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986) ("[A] notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal."). For this reason, the Eleventh Circuit has treated the Order of January 24, 2024, as an indicative ruling under Federal Rule of Criminal Procedure 37(a) and remanded the case for this Court to enter anew an order

regarding Defendant's eligibility for a sentence reduction. (Doc. 184.)

Upon consideration of the limited remand, the Court will reduce Defendant's previously imposed sentence of imprisonment of 84 months to 81 months. Amendment 821 (Part A) allows for a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1. As it relates to the drug conspiracy charge in Count I, the amended version of U.S.S.G. § 4A1.1 does not add "status points" to Defendant's criminal history score since he scored less than 7 points from his criminal history. Defendant's previous criminal history score of 5 is therefore lowered to a score 3, which, in turn, lowers his criminal history category from III to II. With a criminal history category of II and a total offense level of 15, Defendant's amended guideline range is 21 to 27 months on Count I.[1] Defendant is still subject to a consecutive sentence of 60 months on Count 4, possession of a firearm in furtherance of a drug trafficking crime.

Upon the foregoing, the Court determines that Defendant Valero is entitled to a sentence reduction from 84 to 81 months imprisonment. This reduced sentence is comprised of a reduced

---

[1] Defendant's prior guideline range was 24 to 30 months.

term of 21 months on Count 1 and 60 months on Count 4, to be served consecutively.

The Clerk is directed to return the record, as supplemented by the instant Order, to the Eleventh Circuit Court of Appeals.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of March, 2024.

*[signature]*

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA